UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
MARLENE E. SOTO,

                        Plaintiff,

                      -against-

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                      Defendant.
------------------------------------------------------------------------ x

**OPINION & ORDER**

09 Civ. 9862 (HB)

**Hon. Harold Baer, Jr., U.S.D.J.:**

      Specifically Marlene Soto ("Soto" or "Plaintiff") brought this action pursuant to the Social Security Act of 1935, 42 U.S.C. § 405(g), (the "Act") seeking judicial review of a final decision by the Commissioner of Social Security (the "Commissioner") denying her claim for Supplemental Security Income ("SSI") benefits.  Plaintiff contends that the Administrative Law Judge ("ALJ") failed to afford Plaintiff an adequate opportunity to review and comment on the expert's report. Plaintiff also requests that this Court instruct the ALJ on the proper law, and requests injunctive relief.  For the reasons below the case is REMANDED so that the ALJ may consider all the evidence and the parties' responses thereto before issuing a new decision, and Plaintiff's request for other relief including injunctive relief is DENIED.

## Background

      Plaintiff applied for SSI benefits through her mother in January 2000 when she was fourteen years old because she suffered from juvenile onset diabetes.  Plaintiff received SSI benefits until she reached the age of eighteen in 2004, at which time the DDS Examiner re-determined whether she was eligible for benefits under the adult disability standard pursuant to 42 U.S.C. § 1382c(a)(3)(H)(iii).  After concluding that Soto was ineligible under the adult standard, the DDS Examiner directed that her benefits would cease as of July 2004. On October 5, 2004, the DDS Examiner's decision was affirmed at the reconsideration level of administrative review, and Soto subsequently requested a hearing before an ALJ.  In addition, Soto requested and received continuation of benefits while the case was pending at the reconsideration and administrative hearing levels.

1

The ALJ held a hearing on April 23, 2007, which was continued several months later on August 8, 2007. The ALJ then submitted the hearing record to a medical expert, Dr. Gerald Galst, for his review. Dr. Galst submitted a written report to the ALJ on August 15, 2007, and Plaintiff's counsel requested until August 29, 2007 to submit comments regarding Dr. Galst's report. However, the ALJ entered a final decision on August 28, 2007, without a response from Plaintiff's counsel.

The ALJ determined that Soto had not been eligible for SSI benefits since the initial termination in July 2004, shortly after she reached the age of eighteen. On October 8, 2009, the Appeals Council of the Social Security Administration ("Appeals Council") denied Soto's request for review of the ALJ's order. Soto now seeks review of the ALJ's determination that she was ineligible for benefits beginning in July 2004, and requests that the case be remanded to the ALJ for a rehearing pursuant to 42 U.S.C. § 405(g).[1] In addition, Soto asks that this Court instruct the ALJ as to the "end date" for the period at issue when the ALJ may consider evidence in his analysis of whether Soto was entitled to SSI benefits. Lastly, Soto requests that this Court enjoin the Commissioner to refund to plaintiff any recovery of an overpayment that has already been made and to cease collection of the benefits that Soto already received during the pendency of her administrative hearings.

For the reasons below the case is remanded so that the ALJ may consider all the evidence and the parties' responses thereto in the relevant time period, i.e. from July 2004 through August 2007, after providing adequate time for Plaintiff's response to the Galst report, and Plaintiff's requests for injunctive relief is denied.

## Discussion

### I.     Legal Standard

In reviewing a decision of the Commissioner, this Court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." *Santiago v. Barnhart*, 441 F. Supp. 2d 620, 625 (S.D.N.Y. 2006) (quoting 42 U.S.C. § 405(g) (brackets in original). A remand may be made pursuant to 42 U.S.C. § 405(g) in cases in which the Commissioner has

---

[1] Defendant concedes that this case should be remanded, because the ALJ decided the matter before giving Plaintiff a reasonable opportunity to respond to the expert's report. *See* Def.'s Mem. at 5-6.

2

failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the law and regulations. *Melkonyan v. Sullivan,* 501 U.S. 89, 100 (1991).

## II.      Remand

The Supreme Court has held that Social Security Administration proceedings must be "fundamentally fair." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The administrative record is only "complete" where the plaintiff has had an opportunity to confront the evidence and present her own. *See Townley v. Heckler*, 748 F.2d 109, 114 (2d Cir. 1984) ("[A] disability benefits claimant has a right to cross examine the author of an adverse report and to present rebuttal evidence."). Where an ALJ substantially relies on the post-hearing report of an expert without affording the plaintiff an opportunity to review it, sufficient due process has not been afforded. *Gullo v. Califano*, 609 F.2d 649, 650 (2d Cir. 1979) (holding that the hearing judge's reliance upon expert reports denies due process where the claimant was afforded no opportunity to subpoena and cross-examine the expert).

The parties agree that here, the ALJ erred in not providing Soto with an adequate opportunity to review and comment on Dr. Galst's report before rendering a decision. *See* Def's. Mem. at 5-6. Dr. Galst submitted his written report to the ALJ on August 15, 2007, and the next day, the ALJ stated that counsel had "a few…days" to submit a written statement concerning Dr. Galst's report. Tr. 353-54. By letter dated August 22, 2007, plaintiff's counsel requested until August 29, 2007 to submit comments on the Galst report. Tr. 358. However, the ALJ ignored Plaintiff's request, and issued his decision on August 28, 2007. This procedure denied Plaintiff's right to rebut the adverse report, and thus was not "fundamentally fair." The matter shall be remanded for a rehearing so that the ALJ may consider all the evidence after providing Soto with an adequate opportunity to review and comment on Dr. Galst's report before issuing a new decision.

## III.     Proper Period of Review

Plaintiff at first argues that the ALJ erred by failing to consider evidence of Soto's disability after July 2004. *See* Pl.'s Mem. at 4 ("The ALJ held, in effect, that Ms. Soto could only receive a favorable decision on her disability claim by demonstrating that she was disabled on the date of the Commissioner's July 2004 cessation decision."). However, Plaintiff now simply

requests this court issue a "ruling that the ALJ must on remand adjudicate the issue of disability through August 2007, as he did before." Baker Letter, Aug. 18, 2010.[2]

The ALJ applied the correct regulations to consider Plaintiff's condition through the time he issued his decision on August 28, 2007. The applicable rule governing claimants who attain the age of 18 and file new applications as adults is found at 20 C.F.R. § 416.987(b) ("What are the rules for age-18 redeterminations? When we redetermine your eligibility, we will use the rules for adults…who file new applications, as explained in §§ 416.920(c) through (g)."). Under the rule for adults who file new applications for benefits, an "application remains in effect from the date it is filed until we make a final determination on your application" and "[i]f there is a hearing decision, your application will remain in effect until the hearing decision is issued." 20 C.F.R. § 416.330. If new and material evidence is submitted to the Appeals Council, the Council will consider it "only if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 416.1476(b)(1). In his decision, the ALJ specifically stated, "the general issue in this case…is whether the claimant has been 'disabled'…during the relevant time period, which began in July of 2004 and extends through the present." Tr. 25. Thus, the ALJ correctly considered whether Plaintiff was disabled during the period July 2004 through his August 28, 2007 decision, and on remand the ALJ should consider evidence from the same time period.[3]

### III.   Overpayment and Injunctive Relief

After the ALJ's decision that Plaintiff was no longer disabled, the Commissioner began to collect from Soto the benefits paid to her during the pendency of her hearing process, on the grounds that such benefits represented overpayments.[4] Plaintiff seeks injunctive relief in the

---

[2] With this Court's permission, counsel for Plaintiff submitted a letter in lieu of a formal reply brief. *See* Baker Letter, Aug. 18, 2010.

[3] Plaintiff also argues that the situation is governed by 20 C.F.R. § 416.1476(b)(2), which governs cessation cases and provides in relevant part: "In reviewing decisions other than those based on an application for benefits, the Appeals Council will consider evidence in the administrative law judge hearing record and any additional evidence it believes is material to an issue being considered." *See* Pl.'s Mem. at 6. Defendant argues, 20 C.F.R. § 416.1476(b)(2) does not apply because it applies to decisions "other than those based on an application for benefits." 20 C.F.R. § 416.1476(b)(2). Given that the parties do not dispute that the ALJ was required to consider Plaintiff's condition up to the time he issued his decision, this Court need not reach the issue of whether this case is a cessation case under 20 C.F.R. § 416.1476(b)(2).

[4] The government has already collected over $3,000 from Plaintiff, and is currently threatening to have her wages administratively garnished. Soto Aff. ¶¶ 5-8.

form of an order restoring to Plaintiff monies already collected and enjoining the Commissioner to discontinue collection efforts. *See* Pl. Br. at 11. However, this Court may not review the issue of overpayment here because the Commissioner's decision to collect overpayment was not an issue adjudicated at the administrative level.

Judicial review in cases arising under the Social Security Act is authorized by 42 U.S.C. § 1383(c)(3), which incorporates by reference 42 U.S.C. § 405(g).  The latter statute provides, "Any individual, after any final decision of the Commissioner of Social Security, made after a hearing to which he was a party…may obtain review of *such decision* by a civil action." 42 U.S.C. § 405(g) (emphasis added). A federal court may review claims upon which the Commissioner has made a final decision after a hearing.  *See Califano v. Sanders*, 430 U.S. 99, 108 (1977).  This section codifies the judicial requirement of exhaustion of administrative remedies before review by a Court, which has been repeatedly applied by Courts in this Circuit to bar review in social security cases.  *See, e.g.*, *Maloney v. Social Security Admin.*, 02 Civ. 1725, 2006 WL 1720399 at *6 (E.D.N.Y. June 19, 2006) (dismissing Social Security benefits case for lack of subject matter jurisdiction where plaintiff failed to exhaust), *aff'd*, 517 F.3d 70 (2d Cir. 2008); *Matthews v. Chater*, 891 F.Supp. 186, 188 (S.D.N.Y. 1995) (same), *aff'd*, 101 F.3d 681 (2d Cir. 1996); *Germain v. Barnhart*, 06 Civ. 3058, 2007 WL 2710338 at *1 (S.D.N.Y. Sept. 10, 2007) (dismissal for failure to exhaust administrative remedies).

The Commissioner's decision to collect overpayments to Plaintiff was made after the hearing decision and Plaintiff needed to raise the issue of overpayment when she appealed the ALJ's decision to the Appeals Council, which she did not do. Tr. 359-60, 375-78. Therefore, Plaintiff has not exhausted her administrative remedies on this score.

The exhaustion requirement may be excused only in limited circumstances, namely, where the claim is collateral to a demand for benefits, exhaustion of administrative remedies would be futile, or the plaintiff would suffer irreparable harm if required to exhaust administrative remedies. *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir.1996); *see also Baptiste v. Commissioner of Social Sec.*, 2010 WL 2985197 (S.D.N.Y. Jul. 27, 2010) (holding that claimant did not exhaust administrative remedies regarding her claim that benefits were withheld and, as such, the district court had no jurisdiction to hear the claim). Here, Soto's claim for relief from overpayment is not collateral to a demand for benefits because it stems directly from her appeal of the ALJ's decision regarding her eligibility for benefits, which I have remanded. *Louis v.*

*Commissioner of Social Sec.*, 2010 WL 743939 (S.D.N.Y. Mar. 2, 2010) (dismissing the complaint due to failure to exhaust where Plaintiff did not request administrative review of overpayment, and not allowing a waiver because the overpayment claim was not collateral to claim for benefits). Plaintiff has made no showing that exhaustion would be futile. *See id.* Finally, Soto has not shown how although the Commissioner's collection of over $3,000 to date, and potential garnishment of wages constitutes irreparable harm to her. Accordingly, this Court lacks subject matter jurisdiction over the issue of overpayment.

### Conclusion

This case is hereby REMANDED for further proceedings in accordance with this opinion. Plaintiff's request for injunctive relief on the issue of overpayment is DENIED.

New York, New York
March 22, 2011

SO ORDERED.

Harold Baer, Jr.
U.S. District Judge

6